## IN RE BLISS.

### PATENTS; NOVELTY.

An electro pneumatic regulating system, differing from an old one only in the substitution of one well-known form of motion for another, presents no novelty; and one who merely improves an existing regulating system by bodily substituting for the motor therein that of another system, which is also old, is not entitled to a combination patent, as it involves no invention to make such substitution. (Citing *Re Ratican*, 36 App. D. C. 95.)

No. 802.   Patent Appeals.   Submitted November 14, 1912.   Decided December 30, 1912.

HEARING on an appeal from a decision of the Commissioners of Patents, rejecting certain claims of an application for a patent.                    *Affirmed.*

The facts are stated in the opinion.

*Mr. E. H. B. Tower, Jr.,* for the appellant.

*Mr. R. F. Whitehead* for the Commissioner of Patents.

Mr. Justice ROBB delivered the opinion of the Court:

Appeal by William Lord Bliss from a decision of the Commissioner of Patents denying the following claims:

"1. In combination, a variable speed generator having a shunt field winding, a main circuit extending from said generator and divided into parallel branches, a storage battery connected in one of said branches, translating devices connected in the other of said branches, a variable resistance connected in series with the field winding of said generator, a controlling member for said resistance, a fluid pressure cylinder, a piston working therein for operating said controlling member, said cylinder being provided with inlet and outlet ports, a valve controlling the ports in said cylinder, and an electro-magnet for operating said valve, said electro-magnet being connected in series with the load and responsive to fluctuations in the output, said valve, cylinder, and controlling member acting to operate the variable resistance, whereby, under variable speed, the output of the generator is automatically regulated.

"2. In combination, a variable speed generator having a shunt field winding, a main circuit extending from said generator, and divided into parallel branches, a storage battery connected in one of said branches, translating devices connected in the other of said branches, a variable resistance connected in series with the field winding of said generator, a fluid pressure cylinder, a piston working therein, a resistance controlling member connected to said piston, said cylinder being provided with inlet and outlet ports, a valve controlling the ports in said cylinder and tending to stand in position to cause said piston to move in one direction, and an electro-magnet for moving valve into one position to check the operation of said piston and into another position to cause said piston to move in an opposite direction, said electro-magnet being connected in series with the load and responsive to fluctuations in the output, said valve, cylinder, and controlling member acting to operate the variable resistance, whereby under variable speed, the output of the generator is automatically regulated."

The Commissioner accepted the view of the examiner and the Examiners in Chief that these claims involve no invention over the patent to Richards, especially in view of that to Armstrong. The examiner stated his reasons for so holding, as follows:

"Each of the claims was rejected on the patent to Richards. The patent to Richards shows regulating means for a variable speed generator having a shut field winding, the said regulating means comprising a variable resistance in the field circuit of the generator, an electric motor for varying the resistance, and an electro-magnet connected in series with the load for controlling the electric motor. The system as a whole is therefore old, and applicant has merely substituted one well-known form of motor for another.

"Each of the claims was also rejected upon the patent to Richards in view of the patent to Armstrong, the latter of which shows the specific form of operating motor disclosed by applicant. The patent to Armstrong shows that it is old to remove a rheostat arm by means of a fluid pressure motor whose movements are controlled by a magnet operating a valve. It is not believed that it involved invention to bodily substitute for the electric motor in the Richards system the fluid motor of Armstrong." Speaking of the contention of the applicant based upon alleged changes in the solenoid valves, and the pneumatic motor used by him, the Commissioner says: "In the first place, these details of construction are not specified in the claims, and, in the second place, the argument based upon the use of this solenoid and particular type of motor only goes to show that appellant's invention, if any, lies therein, and not in the combination as claimed." With these views we concur. *Re Ratican,* 36 App. D. C. 95. The decision is affirmed.

*Affirmed.*